1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8   JOSE GUZMAN,                                No. C 05-1732 SI (pr)

9              Petitioner,                      **ORDER OF DISMISSAL**

10         v.

11  A. KANE, warden,

12             Respondent.
                                          /
13

14         Jose Guzman, a prisoner at the Correctional Training Facility in Soledad, filed a petition

15  for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the November 2003 decision

16  of the Board of Prison Terms ("BPT") that he was not suitable for parole.  After the court denied

17  respondent's motion to dismiss for lack of subject matter jurisdiction, respondent filed an answer

18  and petitioner filed a reply brief.   The parties' briefings show that state judicial remedies have

19  not been exhausted for the claims presented in the petition.  The action must be dismissed

20  without prejudice to Guzman filing a new action after he exhausts his state judicial remedies.

21         The exhaustion rule requires that prisoners in state custody who wish to challenge

22  collaterally in federal habeas proceedings either the fact or length of their confinement first

23  exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by

24  presenting the highest state court available with a fair opportunity to rule on the merits of each

25  and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy,

26  455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  The exhaustion-of-

27  state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial

28  "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard

v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1    Guzman did file a petition for writ of habeas corpus in the California Supreme Court, but

2 it was rejected for a procedural reason that shows it is unexhausted.  The California Supreme

3 Court rejected Guzman's habeas petition without discussion but with a citation to People v.

4 Duvall, 9 Cal.4th 464 (Cal. 1995).  See Petition, Exh. A.  Under California law, a denial of a

5 habeas petition with a citation to Duvall indicates that a petitioner has failed to state his claim

6 with sufficient particularity for the state court to examine the merits of the claim, and/or has

7 failed to "include copies of reasonably available documentary evidence supporting the claim,

8 including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th

9 at 474.  This court cannot determine whether it was the first or second problem or both problems

10 identified in Duvall that caused the rejection of Guzman's petition because his state habeas

11 petition is not in the record..  In any event, both problems are curable defects that can be cured

12 in a renewed state petition.  Cf. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (a state

13 petition denied with a Swain citation, which stands for the proposition that a petitioner has failed

14 to state his claim with sufficient particularity and has failed to explain the reasons for any delay

15 in filing, can be cured in a renewed petition).  State judicial remedies are not exhausted in such

16 a case.  See id.  Here, Guzman can exhaust by filing a new habeas petition in the California

17 Supreme Court that states his claim with sufficient particularity and attaches the transcript from

18 the BPT hearing.

19    The petition must be dismissed because it has no claims as to which state court remedies

20 have been exhausted.  This court cannot grant habeas relief on any unexhausted claim.  28

21 U.S.C. § 2254(b).  The action will not be stayed while Guzman exhausts his state court remedies

22 because the petition does not contain any exhausted claims.  Guzman is urged to act swiftly to

23 exhaust his state court remedies and immediately file a new federal habeas petition after he

24 receives a decision from that court to avoid running afoul of the one-year statute of limitations

25 on the filing of federal habeas petitions, 28 U.S.C. § 2244(d).

26    The action is dismissed without prejudice for failure to exhaust state court remedies.  The

27 clerk shall close the file.  Because this action is now closed, when petitioner files his new federal

28 habeas petition, he should not use the case number for this action and instead should file the

2

1   petition as a new action, i.e., he should send the petition to the court without a case number and

2   the court will assign it a new case number when the petition is filed.

3          IT IS SO ORDERED.

4   DATED:  October 20, 2006

        _____
                SUSAN ILLSTON
        United States District Judge

United States District Court

For the Northern District of California

3